## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **Pitt Penn Holding Co., Inc.,** *et al.,* | Case No. 09-11475 (BLS) |
| Debtors. | (Jointly Administered) |
| **Industrial Enterprises of America, Inc.** | Adv. No. 11-51868 |
| Plaintiff, | Related to Adv. Docket Nos.: 39, 41, 42, 43, 44, 45, 46, 47 |
| v. | |
| **Robert Burtis, Stacy Cannan, Thomas F. Cannan, Matthew Collyer, Susan Collyer, Ian Engelberg, Richard Mazzuto, Rick Mazzuto, Sarah Mazzuto, William Mazzuto**, and **Haley Udolf** | |
| Defendants. | |

## **OPINION**[1]

Before the Court is the Motion for Reconsideration of the Court's Opinion and Order Dated November 29, 2011, Granting, in Part, Defendants Susan Collyer and Matthew Collyer's Motion to Dismiss Un-

---

[1] The Court has jurisdiction over this matter, 28 U.S.C. § 1334, and venue is proper in this district, 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The legal predicates for the relief requested are Rules 7052, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure.

der 11 U.S.C. § 548 (the "Motion for Reconsideration"),[2] filed by Plaintiff-Debtor Industrial Enterprises of America, Inc. ("IEAM").

Among other things, § 548 of the Bankruptcy Code allows a trustee in bankruptcy (or, in a Chapter 11 case such as this one, a debtor-in-possession) to avoid certain transfers of the debtor's property as "fraudulent transfers" if they occurred "within 2 years before the date" of the bankruptcy filing. 11 U.S.C. § 548(a).[3] Today, the Court resolves a single question: May § 548's two-year "look-back" period be equitably tolled,[4] allowing transfers that occurred outside of that window to be avoided under § 548? For the reasons that follow, the Court holds that, no, it cannot.

## I. BACKGROUND

On April 29, 2011, almost two years to the day after entering Chapter 11, IEAM filed this adversary proceeding against defendants Susan and Matthew Collyer (and others) asserting state law claims as well as Bankruptcy-Code-based claims under §§ 544, 548, and 550. *See* 11 U.S.C §§ 544, 548, 550. The suit against the Collyers is but one of several that IEAM has filed to recover property allegedly transferred from the company to a variety of defendants in the years before its bankruptcy.[5] The Collyers, like many defendants in the other cases, moved to dismiss the entire lawsuit on Rule 12(b)(6) grounds. *See* Fed. R. Civ. P.

---

[2] Adv. Docket No. 39.

[3] Section 548 "aims to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate, even if they have been transferred away." *In re PWS Holding Corp.*, 303 F.3d 308, 313 (3d Cir. 2002) (quoting *Buncher Co. v. Official Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 250 (3d Cir. 2000)).

[4] As discussed further in Section II.B. below, "The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (quotation omitted). In other words, it allows courts to excuse a plaintiff's failure to comply with timing rules. *See Holland v. Florida*, 560 U.S. ___, 30 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010).

[5] It is undisputed that, before the bankruptcy, two former senior executives at IEAM — John Mazzuto and James Margulies — engaged in a massive fraud, causing IEAM's demise and landing both men behind bars.

12(b)(6).[6] After receiving IEAM's response to the Collyer's motion, the Court issued a Memorandum Order[7] dismissing IEAM's § 548 claim, but allowing the other claims against the Collyers to proceed.

The § 548 claim had to be dismissed, the Court held, because:

> [T]he "look-back" period for avoiding fraudulent transfers under § 548 is two years from the petition date. IEAM filed its petition on May 1, 2009, which means the look-back period stretches to May 1, 2007. Yet the Complaint is clear that the last transfer of share[s] to either … Collyer[] happened on February 6, 2007, several months outside of the look-back period. As such, § 548 simply does not apply.

(Nov. Or. ¶ 11.)

Regrettably, that holding conflicts with the Court's holdings in several other IEAM adversary proceedings, where the Court had said that "the applicable statutes of limitation do not bar [IEAM]'s claim[] for fraudulent transfers based upon … [§] 548 because [IEAM] has adequately pleaded that grounds for equitable tolling may be found." *See e.g.*, *Indus. Enters. of Am., Inc. v. Tabor Acad. (In re Pitt Penn Holding Co., Inc.)*, No. 09–11475, Adv. No 11–51879, 2011 WL 4352373, at *10 (Bankr. D. Del. Sept. 16, 2011).[8]

To pinpoint the problem: In dismissing the § 548 claim against the Collyers, the Court held that transfers of IEAM shares to the Collyers that took place more than two years before IEAM's bankruptcy filing were improper fodder for a § 548 claim—regardless of when IEAM learned of the transfers, or the allegedly nefarious circumstances surrounding them. Though not stated explicitly, the Court's holding in the Collyer adversary means that the § 548 look-back period cannot be

---

[6] Fed. R. Civ. P. 12(b)(6) applies to adversary proceedings in bankruptcy cases through Fed. R. Bankr. P. 7012.

[7] Memorandum Order dated November 29, 2011 (the "November Order"). (Adv. Docket No. 32.)

[8] The other proceedings are: *IEAM v. Brandywine Consultants*, Adv. No. 09-52318 (Adv. Docket Nos. 59, 60); *IEAM v. Rosenthal*, Adv. No. 09-52316 (Adv. Docket Nos. 53, 54); and *IEAM v. Tabor Acad.*, Adv. No. 11-51879 (Adv. Docket Nos. 32, 33).

equitably tolled. That conflicts with the Court's ruling in other IEAM adversary proceedings, where the Court has allowed § 548 claims to survive motions to dismiss on the theory that § 548's look-back period may be equitably tolled.

The Court learned of its discordant holdings at a hearing on December 12, 2011, when IEAM's counsel previewed the impending Motion for Reconsideration and the argument that the Court erred in dismissing IEAM's § 548 claim against the Collyers. Because a decision on that motion could affect defendants in several pending IEAM adversary proceedings, the Court invited responses from those defendants as well. In all, the Court has received seven responses opposing the Motion for Reconsideration along with IEAM's reply.[9]

Having carefully reviewed the parties' submissions, the Court will now bring its prior inconsistent rulings into alignment by expressly adopting the rule it impliedly adopted in the Collyer adversary: Section 548(a)'s two-year look-back period is a substantive element of a § 548 cause of action, and therefore cannot be equitably tolled.

## II.  LEGAL ANALYSIS

### A. The Motion for Reconsideration Allows the Court to Resolve its Incongruent Rulings

A motion for reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023 "allow[s] the court to reevaluate the basis of its decision." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D. Pa. 1991). Generally, courts will grant such a motion only if the controlling law has changed since the initial decision was issued, new evidence has become available, or there is a need to correct clear error of law or prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Here, the Court has issued conflicting rulings on whether § 548's two-year look-back period may be equitably tolled. This has reasonably caused confusion for parties in several IEAM adversary proceedings; so it makes sense for the Court to take this opportunity to

---

[9] Clad in sackcloth and ashes, the Court extends its apologies to the parties for the delay and additional burden imposed on account of its inconsistent rulings.

4

state a rule that may be applied consistently across all of those proceedings.

## B. The Doctrine of Equitable Tolling Does Not Apply to Claims Under 11 U.S.C § 548

IEAM urges the Court to vacate its dismissal of the § 548 claim against the Collyers and to state a rule consistent with its prior Orders finding that "the doctrine of equitable tolling [may] app[y] to its § 548 claims." (Mot. p. 10.) Equitable tolling, IEAM argues, has often been applied by bankruptcy courts to "allow[] a claim to be filed outside of the applicable statute of limitations where some action on the defendant's part makes it such that the plaintiff is unaware that the cause of action exists." (*Id.* p. 5 (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir 2000), *cert. denied* 531 U.S. 968, 121 S.Ct. 104 (2000)).) Just so here, according to IEAM. Moreover, IEAM contends that this Court, as one of equity, should not tolerate the Collyers benefitting from a statute of limitations because they "concealed" the § 548 claim from IEAM. (*See* Mot. p. 8.)

The Court agrees with IEAM that statutes of limitations are customarily equitably tolled to avoid technical forfeitures that would unfairly thwart a trial on the merits, unless tolling would be "inconsistent with the text of the relevant statute." *United States v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); *see also Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504 (3d Cir. 1998) (observing "well-established principle of law that equitable tolling doctrines are 'read into every federal statute of limitation' (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396-97, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946))). IEAM's argument fails, not on that score, but because it assumes without discussion that § 548's two-year look-back period is a statute of limitations. It is not; the look-back period is a substantive element of a § 548 claim, there to cabin the broad power given to the trustee to pursue fraudulent transfers. *See Crews v. Carwile (In re Davis)*, 138 B.R. 106, 108 (Bankr. M.D. Fla. 1992) ("The [two] year time period in … § 548 is merely a restriction on the powers granted to the trustee under that section. It does

not constitute a statute of limitations …."). Unlike a statute of limitations, which regulates procedure, a time period that is a substantive statutory element cannot be equitably tolled. *See Kapila v. Cristal (In re Esquenazi)*, No. 10-11504, Adv. No. 10-2770, 2010 WL 4352504, at *1 (Bankr. S.D. Fla. Nov. 1, 2010) (citing *Stone v. I.N.S.*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)); *see also Jensen v. Eck (In re Steele)*, 352 B.R. 337, 339 (Bankr. M.D. Fla. 2006) (holding "while equitable tolling is recognized in bankruptcy, the doctrine only applies to toll [s]tatutes of [l]imitation[] and does not apply to a statutory time bar which is an integral part of the very claim the [t]rustee seeks to enforce").

### 1. The two-year look-back period is not a statute of limitations and so cannot be equitably tolled

The two-year look-back period is not a statute of limitations. Statutes of limitations are rules of procedure; they bear on the judicial process for enforcing the rights and duties recognized by the substantive law. In other words, they "regulate secondary conduct, *i.e.*, the filing of a suit, not primary conduct, *i.e.*, the actions that gave rise to the suit." *Steven I. v. Cent. Bucks Sch. Dist.*, 618 F.3d 411, 414 (3d Cir. 2010). Statutes of limitation regulate by "restrict[ing] … the time within which a party may institute proceedings" after a cause of action accrues. *U.S. v. Studivant*, 529 F.2d 673, 675 (3d Cir. 1976); *see also Black's Law Dictionary* 1546 (9th ed. 2009) (defining Statute of Limitations as "a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued…".) A closer look at the text of § 548 reveals the functional differences between a statute of limitations and the two-year look-back period.

Section 548 provides:

> [A] trustee may avoid any transfer … of an interest of the debtor in property … that was made or incurred on or within 2 years before the date of the filing of the petition
> ….

11 U.S.C. § 548(a)(1).

While the text clearly creates a cause of action for the trustee based on a transfer of a debtor's interest in property (the "primary conduct"), nowhere does it cap, or "regulate," how far into the future the trustee may bring that claim (the "secondary conduct"), something a statute of limitations would do. Instead, the § 548 look-back provision does just what it says: it *looks back* from when the cause of action accrued (the petition date) to see if transfers occurred within the previous two-years. By contrast, a statute of limitation *begins* running when a cause of action accrues and requires a litigant to file its claim within a certain time in the future, or perhaps lose it forever. *See Jones v. Middletown Tp.*, 253 Fed.Appx. 184, 187, 2007 WL 3326854, at *2 (3d Cir. Nov. 8, 2007). The look-back provision refers, not to any act, such as filing a complaint, that is within the trustee's control—avoidable transfers either did or did not occur—but to the universe of transfers that are avoidable under § 548. In this way, as one responding defendant noted, the look-back period is baked-in to "the actual *substance*" of a § 548 action. (Resp. of Northwood Capital p. 15 (emphasis in original)); *see also MBNA Am. V. Locke (In re Greene)*, 23 F.3d 1064, 1070 (9th Cir. 2000) ("A substantive element differs from a procedural requirement for an act to be done such as the filing of a complaint or a motion prior to a certain deadline."). It is part of the "grant of power to the trustee … rather than … a statute of limitations …." *Roper v. City Nat'l Bank of Birmingham (In re Bethune)*, 18 B.R. 418, 419 (Bankr. N.D. Ala. 1982).

This all becomes much clearer by considering the interplay of § 546 and § 548. Entitled "Limitations on avoiding powers," § 546 says:

> An action or proceeding under section … 548 … of this title may not be commenced after the earlier of (1) the later of (A) 2 years after the entry of the order for relief; or (B) 1 year after the appointment or election of the first trustee …; or (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

Here is a true statute of limitations. *See Myers v. Raynor (In re Raynor)*, 617 F.3d 1065, 1071 (8th Cir. 2010) (holding § 546(a) not "jurisdictional" but "simply a statute of limitations"). Section 546 dictates the

timeframe for the trustee to bring § 548 actions; that is, it dictates procedure and does not have anything to say about the substance of a § 548 action. It also begins to run when the claim accrues. As expected, courts have held that § 546's limitations period for bringing § 548 actions may be equitably tolled. *See Pugh v. Brook (In re Pugh)*, 158 F.3d 530, 534-36 (11th Cir. 1998); *Goldberg v. Craig (In re Hydro-Action, Inc.)*, 341 B.R. 186, 190 (Bankr. E.D. Tex. 2006) (denying summary judgment because question of fact remained whether equitable tolling should be applied to avoid § 546(a) statute of limitations as to trustee's § 548 claim); *see also White v. Boston (In re White)*, 104 B.R. 951, 956 (S.D. Ind. 1989) ("The equitable tolling doctrine has been invoked several times to toll the statute of limitations in section 546 cases.")

In sum, IEAM's argument contains a faulty premise. The two-year look-back period in § 548 is not a statute of limitations that may be equitably tolled; rather, it is a substantive element of a § 548 claim.

### 2. The Court declines to follow the case law IEAM cites to support its central argument

IEAM cites to *Official Committee of Unsecured Creditors v. Pardee (In re Stanwich Fin. Servs. Corp.)*, 291 B.R. 25 (Bankr. D. Conn. 2003) for the proposition that § 548's look-back period may be equitably tolled. In *Stanwich*, as here, representatives of the debtor's estate asserted a § 548 claim to recover prepetition transfers that took place outside of the look-back period. The defendants who had received those transfers moved to dismiss the § 548 claim, arguing that the look-back period "provides a fixed [two] year window within which a fraudulent transfer must have occurred to avoid the transfer." *Id.* at 28. In response, the *Stanwich* plaintiffs argued — again, just like IEAM — that the look-back period should be equitably tolled because the defendants "concealed certain facts, had actual or constructive knowledge of other facts, and participated in a scheme to deplete the debtor's assets[, such that] [t]he [plaintiff] … did not … [and] could [not] … discover[] … the facts giv-

ing rise to this Complaint any earlier than one year[10] prior to the date it was filed." *Id.* The *Stanwich* court sided with the plaintiffs, finding that the look-back period could be equitably tolled and refusing to dismiss the claim. That court thought it found support in *Young v. United States*, 535 U.S. 43, 122 S.Ct. 1036, 1039, 152 L.Ed.2d 79 (2002), in which the Supreme Court said "[i]t is hornbook law that *limitations periods* are customarily subject to equitable tolling …." *Stanwich* 291 B.R. at 28 (emphasis added). But the *Stanwich* court did not consider, as this Court and others have, if the look-back period is a statute of limitations or is instead a substantive element of a § 548 claim, nor did it address the effect of that distinction on equitable tolling. This Court respectfully declines to follow the *Stanwich* decision.

The Court finds much more common ground with the holding of *In re Maui Industrial Loan & Finance Co.*, 454 B.R. 133, 134 (Bankr. D. Haw. 2011). In that case, the trustee sought to avoid transfers that occurred prior to the § 548 look-back period. Faced with the same arguments as the court in *Stanwich*, the *Maui* court expressly rejected the *Stanwich* decision. It found instead that "[t]he two year period is a substantive element of the trustee's claim, not a statute of limitations." *id.* at 136 (citing *In re Lyon*, 360 B.R. 749 (Bankr. E.D.N.C. 2007)[11]). The court went on to note that "[e]ven if [the look-back period] were analogous to a statute of limitations," tolling it "'would be inconsistent with the text of the relevant statute,'" *id.* (citing *Young*, 535 U.S. at 49-50), which "does not support an inference that congress intended to permit discretionary extension of the time period." *Id.* This Court agrees.

Though no other published decision from a bankruptcy court in this district has squarely confronted the issue presented here, at least one decision does lend implied support to the Court's ruling today. In

---

[10] Before a 2005 amendment to the Bankruptcy Code, the § 548 look-back period was one year instead of two.

[11] In *In re Lyon*, the court likewise found the look-back provision of § 548 to be a substantive element of the claim and not a statute of limitations. 360 B.R. at 750. Tolling, the court held, "does not apply." *Id.* Thus if a transfer "occurred more than [two] years prior to the filing of the debtor's petition, the transfer is not avoidable pursuant to § 548." *Id.*

*Burtch v. Dent (In re Circle Y Yoakum)*, Judge Walrath dismissed a trustee's § 548 claims as not satisfying a "required element[] of a cause of action under … [§] 548" because the transfers in question were made outside of look-back period. 354 B.R. 349 (Bankr. D. Del. 2006); *see also Pension Transfer Corp. v. Beneficiaries Under the Third Amendment to Fruehauf Trailer Corp. Retirement Plan No. 003 (In re Fruehauf Trailer Corp.)*, 444 F.3d 203, 210 (3d Cir. 2006) (listing occurrence of transfer within look-back period among requisite elements of a § 548 claim, requiring trustee to prove by preponderance of the evidence).

In short, the Court finds that IEAM's reliance upon *Stanwich* unavailing. The Court has instead found the other cases cited above much more persuasive, and ultimately helpful in resolving the Court's conflicting rulings.

## III. CONCLUSION

For all of these reasons, the Court declines to alter or amend the November Order dismissing IEAM's § 548 claim against the Collyers. The Court's reasoning in that Order was correct: Section 548's two-year look-back period cannot be equitably tolled.

**BY THE COURT**:

Dated: January 24, 2012
Wilmington, Delaware

Brendan Linehan Shannon
United States Bankruptcy Judge